UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES

| Case No. | **CV 26-08196-KK-MARx** | Date: | August 24, 2026 |
|---|---|---|---|
| Title: | ***Zebreda Dunham v. Rosalinda Lopez et al.*** | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | RS CS/ Courtroom Three |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Jason Theodore Soller | N/A |

**Proceedings: SECOND ORDER TO SHOW CAUSE REGARDING ARTICLE III STANDING**

On July 24, 2026, Plaintiff Zebreda Dunham ("Plaintiff") commenced this action against defendants Rosalinda Lopez and Wayne Moran (collectively, "Defendants"), asserting violations of the Americans with Disabilities Act ("ADA") and state laws due to accessibility barriers. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). Based upon the threadbare and boilerplate allegations set forth in the Complaint, it did not appear Plaintiff has constitutional standing to seek injunctive relief under the ADA. See Moore v. Harper, 600 U.S. 1, 14 (2023) ("Before turning to the merits, [a court] must determine as a threshold matter that [it] ha[s] jurisdiction." (citation modified)). Hence, on July 28, 2026, the Court issued an Order to Show Cause ("OSC") directing Plaintiff to appear at an in-person hearing on August 6, 2026 to "identify the specific facts establishing Article III standing." Dkt. 12 at 2.

On August 6, 2026, Plaintiff's counsel, Jason Theodore Soller, appeared at the OSC Hearing. While counsel failed to articulate specific facts establishing standing, the Court nonetheless provided Plaintiff an opportunity to amend the Complaint. See Dkt. 16. The Court, however, specifically ordered any amended complaint be accompanied by a declaration signed by Plaintiff under penalty of perjury attesting to any allegations relevant to standing. Id.

On August 20, 2026, Plaintiff filed a First Amended Complaint ("FAC") with a declaration signed by Plaintiff. Dkts. 26, 26-1. The FAC now includes additional facts relevant to standing; specifically, the FAC alleges:

> Plaintiff resides approximately ten (10) miles from the Business at issue and frequently travels to the same area as the Business. More specifically, Plaintiff frequently visits the

> Home Deport located between one and a half and two miles from the Business around two or three times a month. Plaintiff sometimes also visits the Target and Walmart, both located in the city of Duarte, in the same vicinity of the same Home Depot. **Plaintiff will return to the Business within a month likely during her next visit to Home Depot.**

Id. ¶ 13 (emphasis added). Despite these allegations, the declaration in support of the FAC fails to include any facts regarding when, if ever, Plaintiff will return to the Business. See Dkt. 26-1. Hence, Plaintiff has failed to comply with this Court's explicit orders as set forth on the record at the August 6, 2026 OSC Hearing and in the subsequent Minute Order, and it appears counsel is yet again seeking to bring a claim for which his client lacks Article III Standing.

Accordingly, Plaintiff is again **ORDERED TO SHOW CAUSE at an in-person hearing** why she should not be sanctioned for failing to comply with this Court's Orders and why the instant action should not be dismissed for lack of standing. See Murthy v. Missouri, 603 U.S. 43, 76 (2024) (disposing of case for lack of standing). **Plaintiff shall appear before the Court for a hearing on September 3, 2026, at 9:30 a.m. in Courtroom 3 on the 3rd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse, located at 3470 Twelfth Street, Riverside, California 92501**.

**Plaintiff is expressly warned that failure to comply with this Order will result in this action being dismissed for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.